UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WHARTON CAPITAL PARTNERS LTD. and,       Index No.:    08-CV-0056
WHARTON CAPITAL MARKETS LLC,

                     Plaintiffs,           **ANSWER**

- against -

XSUNX, INC.

                     Defendant.
------------------------------------------------------------X

      Defendant XSUNX, INC. (hereinafter "XSUNX"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appear and answer the Complaint as follows:

1. Denies the allegations in paragraph "1" of the Complaint.

2. Admits the allegations in paragraph "2" of the Complaint.

3. Admits the allegations in paragraph "3" of the Complaint.

4. Admits the allegations in paragraph "4" of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7. Admits the allegations in paragraph "7" of the Complaint and refers the Court to Xsunx's website for its full form, content and import, except deny that XsunX is a Delaware Corporation and allege affirmatively that it is a Colorado corporation.

8. Denies the allegations in paragraph "8" of the Complaint, except admits that the parties negotiated a prospective engagement agreement and alleges affirmatively that no such agreement was ever finalized.

9. Admits the allegations in paragraph "9" of the Complaint.

10. Denies the allegations in paragraph "10" of the Complaint.

11. Denies the allegations in paragraph "11" of the Complaint and refers the Court to Mr. Djokovich's facsimile for its full form, content and import and alleges affirmatively that the parties never had a meeting of the minds on the final terms of plaintiff's proposed engagement.

12. Denies the allegations in paragraph "12" of the Complaint, except admits that plaintiff struck the indemnification clause and alleges affirmatively that by doing so plaintiff rejected Xsunx's offer as a matter of law.

13. Denies the allegations in paragraph "13" of the Complaint.

14. Denies the allegations in paragraph "14" of the Complaint.

15. Admits the allegations in paragraph "15" of the Complaint.

16. Denies the allegations in paragraph "16" of the Complaint.

17. Denies the allegations in paragraph "17" of the Complaint, except admits that the parties engaged in settlement negotiations to resolve plaintiff's purported claim.

18. Admits the allegations in paragraph "18" of the Complaint and refers the Court to Mr. Djokovich's email for its full form, content and import and alleges affirmatively that XsunX denied the existence of a valid agreement and was communicating with plaintiff to resolve plaintiff's purported claim.

19. Admits the allegations in paragraph "19" of the Complaint.

20. Denies the allegations in paragraph "20" of the Complaint, except admits that on October 31, 2007 plaintiff sent defendant a counter-proposal to defendant's settlement proposal.

21. Admits the allegations in paragraph "21" of the Complaint.

22. Admits the allegations in paragraph "22" of the Complaint and refers the Court to the writing referenced therein for its full form, content and import and alleges affirmatively that the parties never entered into a binding, legally enforceable agreement.

23. Admits the allegations in paragraph "23" of the Complaint.

24. With respect to the allegations in paragraph "24" of the Complaint, repeat and reallege each and every answer herein to the allegations set forth in paragraphs "1" through "23" of the Complaint.

25. Denies the allegations in paragraph "25" of the Complaint.

26. Denies the allegations in paragraph "26" of the Complaint.

27. Denies the allegations in paragraph "27" of the Complaint.

28. Denies the allegations in paragraph "28" of the Complaint.

29. With respect to the allegations in paragraph "29" of the Complaint, repeat and reallege each and every answer herein to the allegations set forth in paragraphs "1" through "28" of the Complaint.

30. Denies the allegations in paragraph "30" of the Complaint.

31. Denies the allegations in paragraph "31" of the Complaint.

32. Denies the allegations in paragraph "32" of the Complaint, except admits that plaintiff purports to request a declaratory ruling in its favor and alleges affirmatively that plaintiff is not entitled to any relief.

33. With respect to the allegations in paragraph "33" of the Complaint, repeat and reallege each and every answer herein to the allegations in paragraphs "1" through "32" of the Complaint.

34. Denies the allegations in paragraph "34" of the Complaint.

35. Denies the allegations in paragraph "35" of the Complaint.

36. Denies the allegations in paragraph "36" of the Complaint.

37. Denies the allegations in paragraph "37" of the Complaint, except admits that plaintiff purports to request specific performance and alleges affirmatively that plaintiff is not entitled to any relief in this case.

38. With respect to the allegations in paragraph "38" of the Complaint, repeat and reallege each and every answer herein to the allegations set forth in paragraphs "1" through "37" of the Complaint.

39. Denies the allegations in paragraph "39" of the Complaint.

40. Admits the allegations in paragraph "40" of the Complaint, and alleges affirmatively that plaintiff is not entitled to any payment.

41. Denies the allegations in paragraph "41" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. There is a previously filed action pending in California concerning the same subject matter as this case.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. To the extent that plaintiff seeks to rely on settlement discussions between the parties, such discussions are privileged under Rule 408 of the Federal Rules of Evidence and, therefore, inadmissible.

**WHEREFORE**, Defendant XSUNX, INC. requests that judgment be rendered against Plaintiff dismissing this action in its entirety as against it and awarding it costs, disbursements and such other and further relief as the Court deems to be appropriate.

Dated:  Garden City, New York
        February 11, 2008

> Respectfully submitted,
>
> BOND, SCHOENECK & KING, PLLC
>
> By: /s/Howard M. Miller
> Howard M. Miller (HMM: 4538)
> Attorneys for Defendant
> 1399 Franklin Avenue, Suite 200
> Garden City, New York  11530
> (516) 267-6318

59248.1 2/11/2008

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Jeffrey A. Udell (JU0411)
OLSHAN GRUNDMAN PROME
ROSENZWEIG & WOLOSKY LLP
Attorneys for Plaintiff
65 East 55th Street
New York, New York 10022
(212) 451-2300

                s/ Howard M. Miller
                Howard M. Miller (HMM: 4538)
                Bond, Schoeneck & King, PLLC
                Attorneys for Defendant
                1399 Franklin Avenue, Suite 200
                Garden City, New York 11530
                (516) 267-6318